IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 05-97-KAJ |
| AARON WASHINGTON | : | |
| Defendant. | : | |

**MOTION TO SUPPRESS STATEMENTS**

The defendant through undersigned counsel hereby moves to suppress statement obtained from him in relationship to his arrest on July 19, 2005.

In support of this motion the defense submits as follows:

1. On July 19, 2005, Mr. Aaron Washington was located at a Holiday Inn Express in Dover, Delaware. Law enforcement officers arrived to investigate a counterfeit bills complaint. Officers went to Room 500 where they completed a full search of Mr. Washington. Upon information, the search of the room and Mr. Washington's person revealed evidence that is the subject of the current indictment against Mr. Washington.

2. Mr. Washington, who has limited experience with law enforcement, was initially questioned without Miranda warnings at the scene.

3. Miranda v. Arizona, firmly establishes that before the government can use statements obtained from the defendant from custodial interrogation, it must show both that the police adequately warned the defendant of his right to remain silent and his right to have court appointed

counsel, and that the defendant knowingly, voluntarily and intelligently waived his rights. The government bears a heavy burden to prove that the defendant made such a waiver. Brewer v. Williams, 430 U. S. 387 (1977). Waiver in this context requires the "intentional relinquishment or abandonment of a known right or privilege." Miranda v. Arizona, supra, quoting Johnson v. Zerbst, 304 U. S. 458, 464 (1938).

4. Given his limited experience with police and the atmosphere upon which he was questioned, no valid waiver occurred here.

5. In addition, in order for a defendant's statements to be admitted, they must be voluntary. The Supreme Court, relying on the Fifth Amendment, has made it clear that involuntary statements should be suppressed:

> It is now axiomatic that a defendant in a criminal case is deprived of due process of law if his conviction is founded in whole or in part upon an involuntary confession, without regard to the truth or falsity of the confession, and even though there is ample evidence aside from the confession to support the conviction.

Jackson v. Denno, 378 U. s. 368, 376 (1964) citations omitted). See also Greenwald v. Wisconsin, 380 U. S. 519 (1968) To make a showing of voluntariness, "it must be shown that in fact the confessor has a free will and intellect whether or not the [police] had any reason to doubt its presence or suspect its absence." Pea v. United States, 397 F.2d 627, 632 (D.C. Cir. 1968). The government bears the burden of proving by a preponderance of the evidence that a defendant's statement was made voluntarily. Lego v. Twomey, 404 U. S. 477 (1972).

6. Mr. Washington, confronted by armed law enforcement officers, not in a position to appreciate the significance of being questioned by police without rights. Schneckloth v. Bustamonte, 412 U. S. 218, 225 (1973).

**WHEREFORE,** for the above stated reasons and any other such reasons that shall appear to the Court, after a full hearing of this matter, it is requested that the statements obtained from Mr. Washington be suppressed.

                                          Respectfully submitted,

/s/
Penny Marshall, Esquire
Federal Public Defender
704 King Street, Suite 110
Wilmington, DE  19801
(302) 573-6010
Attorney for Aaron Washington

Dated: December 16, 2005

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that a copy of Defendant's Motion to Suppress Statements is available for public viewing and downloading and was electronically delivered on December 16, 2005, to:

>Christopher J. Burke
>Assistant United States Attorney
>1007 Orange Street,
>Suite 700
>Wilmington, DE   19899-2046

>/s/
>Penny Marshall
>Federal Public Defender
>First Federal Plaza
>704 King Street, Suite 110
>Wilmington, DE   19801
>(302) 573-6010
>Attorney for Aaron Washington

Dated:   December 16, 2005