IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action No. 05-97-KAJ |
| ) | |
| AARON WASHINGTON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorney, Christopher J. Burke, Assistant United States Attorney for the District of Delaware, with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Aaron Washington, by and through his attorney, Penny Marshall, Esquire, the following agreement is hereby entered into by the respective parties:

1.  The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with passing counterfeit obligations of the United States, in violation of Title 18, United States Code, Section 472, and to Count Two of the Indictment, which charges him with possessing counterfeit obligations of the United States, in violation of Title 18, United States Code, Section 472.  These counts each carry a maximum sentence of a term of imprisonment of twenty years, a $250,000 fine, or both, three years supervised release, and a $100 special assessment.

2.  The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Counts One and Two of the Indictment: (1) that the defendant passed or possessed counterfeit obligations; (2) that at the time of the passing or

possessing of the obligations, he knew the obligations to be counterfeit; and (3) he passed or possessed the counterfeit obligations with the intent to defraud.

3.   Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, the Government will not oppose a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility, pursuant to Sentencing Guideline Section 3E1.1.

4.   The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a).  The defendant further understands that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the Sentencing Guidelines.  The defendant understands that the Court is not bound by any stipulation between the parties, and that if the Court calculates the guidelines differently than he expects, or contrary to any stipulation of the parties or recommendation of his attorney, that he will not be allowed to withdraw his guilty plea.

5.   The defendant agrees to pay the $100 special assessment the day of sentencing.  Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program though which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

6.   The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

7.   It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified

only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

                                      COLM F. CONNOLLY
                                      United States Attorney

_____        By:_____
Penny Marshall, Esquire                      Christopher J. Burke
Attorney for Defendant                       Assistant United States Attorney

_____
Aaron Washington
Defendant

Dated:

     AND NOW, this _____ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

                                        _____
                                        Honorable Kent A. Jordan
                                        United States District Court